CECELIA M. KANE CHAPPLE,

*vs.*

HOMETOWN REALTY COMPANY, a corporation organized and existing under the laws of the State of Delaware.

*New Castle, Oct. 7, 1927.*

*James H. Hughes, Jr.*, of the firm of Marvel, Layton, Hughes and Morford, for complainant.

*Frances deH. Janvier*, for defendant.

THE CHANCELLOR. This suit calls for a construction of a devise contained in the will of Patrick Fitzgerald. The devise in question is worded as follows:

"* * * And the two houses on Pearl Street in New Castle that my father Dennis Fitzgerald left to me, I leave to my daughter Catharine Fitzgerald absolutely forever. If the said Catharine Fitzgerald should die before my wife everything I then own will go to my wife Annie Fitzgerald absolutely to do with as she likes."

The daughter Catharine and the wife Annie mentioned in said devise both survived the testator. Catharine having intermarried with Edward F. Kane died on September 24, 1921, and Annie, the wife, died in the year 1924.

Catharine left a will by which her husband became sole beneficiary of her entire estate. Her husband subsequently died leaving as his sole devisee the complainant, who is the child of himself and the said Catharine.

The question arises on this state of facts as to the extent of the interest which Catharine Fitzgerald took under her father's will and particularly whether her interest was a fee-simple one which by

her own and her husband's testamentary disposition has devolved upon the complainant.

The devise to Catharine is an absolute one in fee in the first instance. Then follows language defining a contingency by which Catharine's interest goes over to the wife. The language is, "If the said Catharine Fitzgerald should die before my wife," etc. I am of the opinion that the ascertainment of the contingency must be as of the date of the testator's death. *Rickards, et al., v. Gray*, 6 *Houst.* 232; *Jones v. Webb*, 5 *Del. Ch.* 132; *Marvel, Adm'r., v. Wilmington Trust Co.*, 10 *Del. Ch.* 163, 87 *A.* 1014; *Fisher, Adm'r., v. Barcus, et al.*, 14 *Del. Ch.* 324, 127 *A.* 53; *Wilmington Trust Co., v. Houlehan*, 15 *Del. Ch.* 84, 131 *A.* 529. Catharine not having predeceased her mother in her father's lifetime, she became the owner in fee simple of the houses mentioned in said devise and passed the same by her will to her husband, who in turn by will devised the same to the complainant in fee simple.

Decree accordingly.